Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| SISTEMA DE RETIRO DE LA UNIVERSIDAD DE PUERTO RICO POR CONDUCTO DE LA JUNTA DE RETIRO DE LA UNIVERSIDAD DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>LUIS A. FERRAO DELGADO, LUIS A. FERRAO DELGADO Y LA SOCIEDAD DE GANANCIALES COMPUESTA CON SU CÓNYUGE, JULIO MICHEO MARTÍNEZ Y OTROS<br><br>Peticionarios | TA2026CE00507 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso núm.: SJ2024CV09505<br><br>Sobre: Daños y Perjuicios, Interferencia Torticera |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero

**Rivera Torres, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de mayo de 2026.

Comparece ante este tribunal apelativo, el Sr. Héctor L. Martínez Valldejuli (señor Martínez Valldejuli o peticionario) mediante el recurso de *certiorari* de epígrafe solicitándonos que revisemos la *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 26 de marzo de 2026, notificada el mismo día. Mediante este dictamen, el foro primario declaró *No Ha Lugar* la *Solicitud de Desestimación de la Primera Demanda Enmendada* presentada por el peticionario.

Por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari* solicitado.

**I.**

El presente caso tiene su génesis el 15 de octubre de 2024 cuando la Junta del Sistema de Retiro de la Universidad de Puerto

Rico (Junta de Retiro), presentó demanda en contra de la Universidad de Puerto Rico (UPR), la presidencia, oficiales, funcionarios de la Administración Central (AC) y de los miembros de la Junta de Gobierno (JG) en su carácter personal.[1] Mediante esta, la Junta de Retiro arguyó haber sufrido daños y perjuicios como consecuencia de los actos negligentes, dolosos, culposos e ilícitos de los demandados, así como por el incumplimiento contractual y la falta de fiducia de estos frente al Fideicomiso del Sistema de Retiro. Colocando, a su entender, en peligro la solvencia del sistema de pensiones.

En esencia, la Junta de Retiro adujo que, en el presupuesto del año fiscal 2023-2024, se asignaron unas partidas específicas para cubrir las aportaciones patronales al Sistema de Retiro, las cuales no fueron satisfechas debido al incumplimiento contractual, legal y fiduciario de los demandados en colectivo como integrantes del cuerpo colegiado. Sostuvo, además, que los demandados, a sabiendas, interfirieron, desviaron a otros fines o meramente omitieron el pago de alrededor $38,000,000, sin autorización ni justificación alguna. A su vez, añadió que los demandados ignoraron temerariamente los esfuerzos para lograr el cumplimiento de realizar las aportaciones patronales. También la Junta de Retiro arguyó que, como resultado de sus actuaciones y omisiones, las aportaciones patronales se perjudicaron, se tuvieron que liquidar activos para cumplir con las obligaciones corrientes, se causaron pérdidas de oportunidades de inversión y se puso en riesgo la continuidad y solvencia del Sistema de Retiro. Como remedio, solicitó que los demandados respondieran por los daños causados, tanto en su carácter personal como oficial. A esos efectos, solicitó el resarcimiento por concepto de los daños y perjuicios estimados en

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), Entrada núm. 1.

$10,000,000 y la imposición de daños punitivos en una cantidad no menor de $1,000,000.

En esta demanda, se incluyó inicialmente como parte demandada al Presidente de la UPR, Luis A. Ferrao Delgado; los miembros de la Junta de Gobierno de la UPR, Ricardo Dalmau Santana, como Presidente de la JG; a Jorge Valentín Asencio, Yanira Raíces Vega, Dra. Mayda Velasco Bonilla, Ing. Emilio Colón Beltrán, Dr. Gonzalo F. Córdova Santini, Sr. Daniel Fernández González, Lcda. Terilyn Sastre Fuente, Lcda. Martha L. Acevedo Peñuela, Dr. Edgard R. Resto Rodríguez, Dr. Hermán Cestero Aguilar, Dr. Raúl J. Castro Santiago, y, Sr. Simonely Hidalgo Rodríguez, como miembros del cuerpo colegiado y a Julio Micheo Martínez, como Director Interino de Finanzas y Wilson Crespo Valentín, como Director de Presupuesto de la UPR.

El 31 de octubre de 2025, la Junta de Retiro presentó escrito intitulado *Primera Demanda Enmendada.*[2] En esta, luego de que los demandados iniciales arguyeran falta de parte indispensable, se incluyó como parte demandada al **Lcdo. Héctor L. Martínez Valldejuli**, como pasado miembro de la JG como delegado de la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico (AAFAF), entre otros funcionarios. La Junta de Retiro alegó que estos participaron en las decisiones que resultaron en el incumplimiento de las obligaciones legales, contractuales, éticas, de supervisión y fiduciarias hacia el Sistema de Retiro y que ocasionaron los daños y perjuicios continuos que se reclaman en la demanda durante el año fiscal 2023-2024.

Luego de varios trámites procesales, innecesarios pormenorizar, el 23 de febrero de 2026, el señor Martínez Valldejuli presentó escrito intitulado *Solicitud de Desestimación de la Primera*

---

[2] SUMAC TPI, Entrada núm. 181.

*Demanda Enmendada.*[3] En esencia, adujo que la Junta no incorporó alegaciones específicas ni individuales en su contra que permitan atribuirle responsabilidad civil. Añadió que, en esta, no se alegó algún hecho concreto que permita evaluar, como umbral mínimo, si él actuó fuera del ámbito de las funciones que le fueron atribuidas como funcionario público o miembro de un cuerpo directivo universitario, ni si incurrió en conducta constitutiva de mala fe, negligencia crasa o actuación ultra vires. Por lo que, a su entender, en ausencia de tales alegaciones mínimas, no procede activar análisis alguno de responsabilidad personal, ni derrotar la inmunidad condicionada que cobija a los funcionarios públicos, ni la inmunidad estatutaria reconocida en el Artículo 11 de la Ley núm. 2-2017.

Por otro lado, este sostuvo que la demanda: no establece los elementos de interferencia torticera; las alegaciones de desvío de fondos son conclusorias y especulativas; los daños reclamados carecen de nexo causal específico con su conducta; y la reclamación de daños punitivos es improcedente por no alegarse hechos que demuestren conducta dolosa o ilícita atribuible a su persona. Finalmente, argumentó que las alegaciones no cumplían con la Regla 6.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, y que, ante la ausencia de hechos específicos e individuales, la demanda dejaba de exponer una reclamación que justificara la concesión de un remedio contra el señor Martínez Valldejuli. Por lo que, procedía la desestimación de la demanda al amparo de la Regla 10.2 (5) de las de Procedimiento Civil, *supra.*

Por su parte, el 14 de marzo de 2026, la Junta del Retiro presentó su oposición intitulado *Oposición a Moción de Desestimación del Codemandado Héctor L. Martínez Valldejuli.*[4]

---

[3] SUMAC TPI, Entrada núm. 260.
[4] SUMAC TPI, Entrada núm. 288.

Mediante el referido escrito, arguyó que la *Primera Demanda Enmendada* cumple con el estándar mínimo de alegaciones exigido por nuestro ordenamiento jurídico y expone hechos que, tomados como ciertos e interpretados de la manera más favorable a la parte demandante, establecen reclamaciones plausibles que justifican la concesión de remedio. A su vez, que las alegaciones contenidas en la demanda describen un curso de conducta mediante el cual los codemandados, con conocimiento de las obligaciones legales, contractuales y fiduciarias existentes, intervinieron de forma que entorpeció el cumplimiento de dichas obligaciones y ocasionó daños económicos al Sistema de Retiro.

Asimismo, expuso que las alegaciones, **aceptadas como ciertas para efectos de esta etapa**, establecen actuaciones de los codemandados que excedieron el ejercicio legítimo de funciones oficiales. Por consiguiente, razonó que no procede aplicar en esta fase la doctrina de inmunidad condicionada de funcionarios públicos, la cual no protege conductas realizadas de mala fe, con dolo o fuera del marco de autoridad conferido por ley, controversia sujeta al descubrimiento de la prueba, la presentación de la evidencia y la adjudicación de credibilidad.

De igual forma, arguyó que tampoco resulta aplicable la inmunidad estatutaria invocada, pues, la *Primera Demanda Enmendada* alega actuaciones de los codemandados que, a su entender, constituyen conducta intencional, ilícita o negligencia grave, circunstancias que excluyen la protección de dicha inmunidad. Por lo que, en consecuencia, **la determinación final sobre la responsabilidad individual de los codemandados, la naturaleza de sus actuaciones y el alcance de los daños reclamados constituye una cuestión probatoria que debe dilucidarse mediante el descubrimiento de prueba y la**

**presentación de evidencia en etapas posteriores del litigio**. [Énfasis nuestro]

Analizados dichos escritos, el 25 de marzo de 2026, el TPI emitió la *Resolución Interlocutoria* recurrida en la que declaró *No Ha Lugar* la solicitud de desestimación presentada por el peticionario. Reiteró que las alegaciones de hechos bien formuladas eran suficientes para derrotar la moción de desestimación, pues, son suficientes **–en esta etapa de los procedimientos–** para ubicar las actuaciones y omisiones dentro de las excepciones a la inmunidad. Añadió que, "**si se toman las alegaciones de hechos de la demanda enmendada de la forma más favorable a la parte demandante, la misma sí tiene la posibilidad de establecer una causa de acción contra el codemandado**".[5] [Énfasis nuestro]

Inconforme, el señor Martínez Valldejuli comparece ante este foro intermedio mediante recurso de *certiorari* imputándole al foro primario la comisión de los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE LA DEMANDA ENMENDADA CONTIENE ALEGACIONES DE HECHOS SUFICIENTES PARA SUBSISTIR LA SOLICITUD DE DESESTIMACIÓN, AUN CUANDO DICHAS ALEGACIONES SON GENERALIZADAS, CONCLUSORIAS Y CARECEN DE HECHOS ESPECÍFICOS QUE ESTABLEZCAN, DE MANERA INDIVIDUALIZADA, LA PARTICIPACIÓN DEL SR. MARTÍNEZ EN LA CONDUCTA IMPUTADA.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO APLICAR LA DOCTRINA DE INMUNIDAD CONDICIONADA NI LA EXONERACIÓN ESTATUTARIA EXPRESA ESTABLECIDA EN EL ARTÍCULO 11 DE LA LEY NÚM. 2-2017, A PESAR DE QUE DE LA FAZ DE LA DEMANDA ENMENDADA SURGE QUE LAS ACTUACIONES IMPUTADAS AL SR. MARTÍNEZ FUERON REALIZADAS EN EL DESCARGO DE SUS FUNCIONES OFICIALES, Y NO SE ALEGARON HECHOS ESPECÍFICOS QUE PERMITAN INFERIR CONDUCTA DOLOSA, MALICIOSA O CONSTITUTIVA DE NEGLIGENCIA CRASA QUE DERROTE DICHAS PROTECCIONES.

El 28 de abril de 2026, la Junta de Retiro presentó *Solicitud de Consolidación de Recursos y que se Tenga por Presentada la*

---

[5] SUMAC TPI, Entrada núm. 319.

*Oposición.*[6] En esta, informaron sobre la presentación de varios recursos de *certiorari* provenientes del mismo caso, a saber, SJ2024CV09505, por otros codemandados.[7] Ese mismo día, 28 de abril, emitimos *Resolución* concediéndole a la parte recurrida hasta el 4 de mayo de 2026, por lo que, al día siguiente, 29 de abril, declaramos *No Ha Lugar* la solicitud de consolidación.[8] El 4 de mayo de 2026, la Junta de Retiro presentó escrito intitulado *Oposición a Expedición de Recursos de Certiorari.* Así, nos damos por cumplidos, y a su vez, decretamos perfeccionado el recurso.

Analizados los escritos de las partes, así como el expediente electrónico y el derecho aplicable, procedemos a resolver.

**II.**

**Auto de *Certiorari***

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *IG Builders at al. v. BBVAPR,* 185 DPR 307, 337-338 (2012); *García v. Padró,* 165 DPR 324, 334-335 (2005). Para poder ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR __ (2025)., dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[6] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), Entrada núm. 2.

[7] Los recursos adicionales presentados ante este Tribunal de Apelaciones se encuentran identificados bajo los alfanuméricos TA2026CE00434 cons. con TA2026CE00439; TA2026CE00440; TA2026CE00442 y TA2026CE00446.

[8] SUMAC TA, Entradas núms. 3 y 4.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Es decir, que el examen que emplea el foro apelativo no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG*, *supra*, a la pág. 176.

De otra parte, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *BBPR v. SLG Gómez-López*, 213 DPR 314, 334-335 (2023); *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140, 155 (2000).

**III.**

En esencia, el peticionario señaló que el TPI erró al determinar que, en esta etapa de los procedimientos, resulta improcedente la solicitud de desestimación.

Analizado el recurso ante nuestra consideración, en principio, señalamos que todo auto de *certiorari* presentado ante este foro intermedio deberá ser examinado primeramente al palio de la Regla

52.1 de las de Procedimiento Civil, *supra*. De una lectura de la referida norma, surge que nuestro ordenamiento jurídico procesal permite la intervención del foro apelativo mediante *certiorari* para revisar una determinación sobre la denegatoria de una moción de carácter dispositivo como acontece en el presente caso. Sin embargo, cabe señalar, a su vez, que superados los criterios de la Regla 52.1, *supra*, para determinar si procede la expedición de un recurso y poder ejercer sabiamente nuestra facultad discrecional, debemos acudir a lo dispuesto en la Regla 40, *supra*.

Al respecto, examinado el recurso presentado, así como el escrito en oposición y los documentos incluidos en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), colegimos que, al palio de la Regla 40 de nuestro Reglamento, antes citada, no procede intervenir en esta etapa de los procedimientos. Esto, debido a que no se nos ha demostrado que el TPI haya incurrido en error, abuso de discreción o actuado bajo prejuicio o parcialidad en el manejo del caso. El peticionario tampoco nos persuade a concluir que sea necesaria ejercer nuestra facultad revisora para evitar un fracaso irremediable de la justicia.

Apuntalamos que, el TPI en la *Resolución Interlocutoria* impugnada, expresó que las alegaciones son suficientes **–en esta etapa del pleito–** para entender que la *Primera Demanda Enmendada* expone una reclamación que justifica la concesión de un remedio.

Por su parte, enfatizamos que la inmunidad condicionada estatuida en el Artículo 11 de la Ley núm. 2-2017 conocida como la *Ley de la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico*, 3 LPRA sec. 9371, según enmendada, conoce sus límites en las actuaciones u omisiones negligentes, dolosas o culposas, así como de la falta del deber de fiducia según imputadas a la Administración Central, la Junta de Gobierno y sus funcionarios colectivamente.

De otro lado, recordemos que para que proceda el petitorio desestimatorio bajo el estándar de revisión de la Regla 10.2 (5) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, el señor Martínez Valldejuli venía obligado a demostrar de forma certera que la Junta de Retiro no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiese probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. Por lo cual, el foro apelado debía considerar si, a la luz de la situación más favorable a la Junta de Retiro, como demandante, y resuelta toda duda a su favor, la demanda no es suficiente para constituir una reclamación válida. Puntualizamos que en este ejercicio el tribunal debe conceder el beneficio al demandante de cuanta inferencia sea posible hacer de los hechos bien alegados en la demanda. *BPPR v. Cable Media,* 2025 TSPR 1, 215 DPR ___ (2025); *Rivera San Feliz et al. v. Jta. Dir. First Bank,* 193 DPR 38, 49 (2015); *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 654 (2013).

### IV.

Por los fundamentos antes expuestos, denegamos la expedición del recurso de *certiorari* solicitado.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones